UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ELRIC SHELBY,

                                    1:16-cv-01426-TC

          Plaintiff,

    v.                              ORDER

JUDGE BUNCH, et al.,

          Defendants.

Aiken, District Judge.

        Plaintiff has filed a "Motion to Disqualify Honorable Judge
Coffin" (#5), seeking to disqualify Magistrate Thomas Coffin from
presiding over this case.

        Two federal  statutes govern recusal, 28 U.S.C. § 144 and 28
U.S.C. § 455.  The standard for recusal under either section is
the same: "Whether a reasonable person with knowledge of all the
facts would conclude that the judge's partiality might be

1 - ORDER

questioned." Taylor v. Regents of the University of California, 993 F.2d 710, 712 (9th Cir. 1993). To warrant recusal, judicial bias must stem form an extrajudicial source. Id. "A judge's prior adverse ruling is not a sufficient cause for recusal. Id., citing United States v. Studly, 783 F.2d 934, 939 (9th Cir. 1986). Plaintiff has not identified any real or apparent bias stemming from an extrajudicial source that would lead a reasonable person with all of the facts to question Magistrate Judge Clarke's. Accordingly, plaintiff's motion (#5) is denied.

Plaintiff has also filed a motion for a temporary restraining order (#6) seeking to compel a state court judge to set a different bail amount and to release plaintiff on bail pending his trial in a criminal court proceeding.

In order to obtain preliminary relief in the Ninth Circuit, a party must meet one of two alternative tests. Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See, New Motor Vehicle Board v. Orrin W. Fox Co., 434 U.S. 1345, 1347, n. 2 (1977); Los Angles Unified Sch. Dist. v. United States District Court, 650 F.2d 1004, 1008 (9th Cir. 1981). Under the "traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party enjoys a likelihood of success on the merits; (3) the balance of

2 - ORDER

potential harm favors the moving party; and (4) the advancement of the public interest favors granting injunctive relief. Burlington N.R.R. v. Department of Revenue, 934 F.2d 1064, 1074 n. 6 (9th Cir. 1991).

Under the alternative test, the moving party may meet its burden by showing  either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Id.; Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992); see also A & M Records, Inc. v. Napster, Inc., 293 F.3d 1004, 1013 (9th Cir. 2001). These formulations "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." United States v. Odessa Union Warehouse Co-Op, 833 F.2d 172, 174 (9th Cir. 1987). The Ninth Circuit has suggested that the two standards amount to "a continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." San Diego Comm. v. Governing Board, 790 F.2d 1471, 1473 n. 3 (9th Cir. 1986). The parties must demonstrate, "an irreducible minimum," that they have a fair chance of success on the merits. Brenda v. Grand Lodge of International Association of Machinists & Aerospace Workers, 584

3 - ORDER

F.2d 308, 315 (9th Cir. 1978), *cert. dismissed*, 441 U.S. 937 (1979); Committee of Cent. American Refugees v. I.N.S., 795 F.2d 1434, 1437 (9th Cir. 1986).  This is so because the probability of success on the merits is the critical standard in determining the propriety of preliminary relief.    Lancor v. Lebanon Housing Authority, 760 F.2d 361 (1st Cir. 1985).    Also, under any formulation, the party seeking preliminary relief must demonstrate that there exists a significant threat of irreparable injury. Oakland Tribune v. Chronicle Pub. Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

Additionally, "[u]nder the Prison Litigation Reform Act (PLRA), prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials[.]" Lunford v. Bannister, 2009 U.S. Dist. LEXIS 26247, 19-20 (D. Nev. Feb 10, 2009).

Plaintiff has not established any of the requisites for entitlement to preliminary injunctive relief.

Assuming *arguendo* that plaintiff could establish a colorable claim for a temporary restraining order, there is a strong federal policy against federal court intervention in ongoing state court proceedings and this court would abstain from exercising such jurisdiction. *See*, Moore v. Sims, 442 U.S. 415 (1979); Younger v. Harris, 401 U.S. 37 (1971).

4 - ORDER

Plaintiff's Motion for a temporary restraining order (#6) is denied.

IT IS SO ORDERED.

DATED this _20th_ day of August, 2016.

_____

Ann Aiken
United States District Judge

5 - ORDER